United States District Court
Southern District of Texas

**ENTERED**

May 01, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| FRANCISCO SIBRIAN VALLE, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-549 |
| | § | |
| WARDEN, RIO GRANDE | § | |
| PROCESSING CENTER, *et al.*, | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner is currently detained in federal custody at the Rio Grande Processing Center in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 And Complaint for Declaratory and Injunctive Relief, (Dkt. No. 1), and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. No. 7).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by May 4, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by May 5, 2026, at 5:00 p.m.**

**I. BACKGROUND**

**A. Factual Background**

Petitioner, a citizen of El Salvador, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2014 and has remained continuously present in the country since then. (*See* Dkt. No. 1 at 3; Dkt. No. 7-1 at at 3).[1] Petitioner has been detained since September 26, 2025. (Dkt. No. 1 at 4;

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

Dkt. No. 7 at 2). Documents provided by Respondents show that the U.S. Department of Homeland Security (DHS) apprehended Petitioner in July 2014, and issued him an NTA. (Dkt. No. 7 at 2). His removal proceedings under that NTA were dismissed in 2023. (*Id.*). Petitioner was apprehended again on September 26, 2025 and was served with a new NTA. (*Id.*; Dkt. No. 1-1 at 3). On February 25, 2026, an Immigration Judge granted Petitioner cancellation of removal under INA § 240A(b). (Dkt. No. 1 at 4). Respondents have appealed this grant of relief to the Board of Immigration Appeals. (*Id.*).

Petitioner is currently detained at the Rio Grande Processing Center. (Dkt. No. 1 at 3). Respondents do not allege that he has any criminal history or any other personal circumstances that reflect an individualized determination of his flight risk or danger. (*See* Dkt. No. 7 at 3).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8,

2 / 5

2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. He brings several claims for relief: violation of the Due Process Clause of the Fifth Amendment, violation of the Administrative Procedure Act and *Accardi* Doctrine, and relief under the Central District of California's decision in *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, (C.D. Cal. Nov. 20, 2025). Petitioner's due process claim is that Respondents have deprived him of his liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. He argues that he has a strong liberty interest because he has resided in the United States for twelve years and has remained continuously present since then. Further Petitioner argues his lack of criminal history and grant of cancellation of removal strengthens his liberty interest. Petitioner requests, among other things, that this Court issue an order requiring Respondents to immediately release Petitioner under reasonable conditions of supervision, declare that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment, or order Respondents to provide Petitioner with a prompt, individualized custody redetermination hearing before an Immigration Judge, at which the Government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk, and award Petitioner reasonable attorneys' fees and costs as allowed by law.

### II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention and that his detention does not violate procedural or substantive due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under substantially similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex.

---

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts. For this reason and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), is **GRANTED in part**. Petitioner's request for attorney's fees is **DENIED.** Respondents' Motion for Summary Judgment, (Dkt. No. 7), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by May 4, 2026, at 5:00 p.m.** and to submit a status report to the Court confirming Petitioner's release **by May 5, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

By **May 11, 2026**, the parties shall **FILE** advisories with the Court indicating

---

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

whether the parties oppose entry of a final judgment in this case.

It is so **ORDERED**.

**SIGNED** on May 1, 2026.

_____
John A. Kazen
United States District Judge